A. K. MOORE v. WM. R. PYE.

1. SHERIFF SALES; *When Sale will not be set aside.* The plaintiff in an action has no right to have a sheriff's sale set aside against the objections of the other parties interested in such sale, except for some good and sufficient reason.

2. ——— *Order may be Reviewed.* While the district court may in many cases be clothed with some judicial discretion in confirming or setting aside a sheriff's sale, yet, where said court sets aside a sale on motion of the plaintiff, and against the objections of the other parties interested therein, without any sufficient reason therefor, the order of the district court setting aside the sale will be reversed by the supreme court on petition in error.

3. ——— *Conflict of Evidence on Motion.* Where a motion is heard on affidavits, and no oral testimony is introduced, the supreme court can examine the evidence and weigh it as intelligently as the district court could; and while in such a case, if the evidence should be found to be conflicting and contradictory, the supreme court would not reverse the order of the district court if it were founded upon such evidence unless the order should clearly appear to be against the weight or preponderance of the evidence, yet, if the order should be founded upon such evidence and should clearly appear to be against the weight and preponderance of the evidence the supreme court would reverse the order for that reason alone.

4. NOTICE OF SALE; *Appraisement; Filing Return.* Where a sheriff commences on December 1st to publish a notice of a sheriff's sale which is to take place on the 2d of January next following, and the sheriff files the return of the appraisement with the clerk December 8th, and the sale is regularly made on said 2d of January, *held*, that it is error for the court to set aside said sale merely because the return of the appraisement was not filed with the clerk before the sheriff commenced to advertise said sale.

5. PROCEEDINGS AT SALE; *Plaintiff — Sheriff — Agent.* Where a plaintiff prior to a sheriff's sale instructed the sheriff to sell the property to the plaintiff for a certain sum unless more than that sum should be bid for the property by some other person, and the sheriff at the time of the sale disregarded said instruction and sold the property to a third person for much less than the plaintiff had instructed the sheriff to sell it for, but for more than two-thirds its appraised value, *held*, that it was error for the court to set aside the sale merely because the sheriff disregarded the plaintiff's instructions. It was the plaintiff's own fault and negligence that he was not present at the sale so as to bid on the property himself. The sheriff cannot bid on property at his own sale *as sheriff;* and if he bids on it at all he bids on it as the *agent* of the person for whom he bids; and a neglect or omission to follow instructions as such agent does not affect his official acts as sheriff.

### Error from Nemaha District Court.

THE plaintiff in error, *Moore,* was a purchaser of real property sold by the sheriff under a decree in an action wherein *Pye* was plaintiff and James G. Walsh and A. G. Otis were defendants. On *Pye's* motion the sale was set aside, at the April Term 1872. *Moore* excepted, and he brings the case here on error. The facts are fully stated in the opinion. The order setting the sale aside is as follows:

[TITLE.] "And now a motion having been made in the above cause by the plaintiff to have the sale as shown by

the sheriff's return to Adam K. Moore on the 2d day of January 1872, set aside for the reasons set forth in said motion on file, and the said motion being now heard and considered, and the court having heard the evidence, and examined the proceedings in the premises on said sale, it is ordered by the court that the said sale to Adam K. Moore be set aside and held for naught, and that the same be so set aside at the cost of A. Kyger, the sheriff acting in making said sale. And it is further ordered that an *alias* order of sale issue in the above action," etc.

*John J. Ingalls*, for plaintiff in error:

1. The evidence shows that the sale was made at the time and place mentioned in the notice; that it was conducted strictly in accordance with law; that the real estate was sold for more than two-thirds of its appraised value, and that the money was paid by the purchaser. The sheriff as a public officer, was not the agent of Pye or his attorneys. His duties are prescribed by law, and when the property was exposed to sale, any person had the right to bid, and to purchase the property at any sum above two-thirds its appraised value, if no greater amount was offered. Even were it admitted that the attorney of Pye did give instructions to the sheriff to strike the property off to Pye at a certain sum, such instructions were not obligatory upon him as an officer. It was Pye's business to have been on the ground and make his bids personally or by his agent. But the evidence fails to show affirmatively that the instructions were given. The sale being otherwise regular, the burden of proof was on the moving party. The allegations are contradicted by the sheriff. Upon the general question of interference by attorneys at sheriffs' sales, see 27 Iowa, 348.

2. The provisions of § 454 of the code relative to filing copy of appraisers' return with the clerk, do not go to the validity of the sale. The rule is that statutes directing the mode of proceeding by public officers are directory merely, and not to be regarded as essential to the validity of the proceedings themselves, unless so declared by the statute

itself. 8 Vt., 280. Where a statute directs a public officer to do a certain thing within a certain time, without any negative words restraining him from doing it afterwards, the naming of the time is directory merely, and not a limitation of authority. As to this general principle, see 3 Mass., 230; 6 Wend., 486; 3 Hill, 43; 12 Wend., 481; 12 Conn., 253.

*S. Conwell,* and *W. W. Guthrie,* for defendant in error:

1. The land sold was 40 acres. The amount due Pye on the judgment or decree was $1,401.34. Pye's attorney instructed the sheriff to strike it off for Pye, at $1,400 if no larger bid was made. Moore's bid was $535, and the land was struck off to him. The court is authorized to see that its process is not abused, (*White-Crow v. White-Wing,* 3 Kas., 279, 280,) where the debtor's *property* is sacrificed, or where the creditor's *security* is sacrificed. Each has an equal right to be protected. Here the plaintiff's security was sacrificed, unless the sale is vacated. The district court regarded the act of the sheriff as clearly wrong, and adjudged the costs against him. Moore has no cause of complaint, as no costs were taxed against him.

2. Until a sale has actually been made it is subject to the creditor's discretion. He may order the process returned at any time. If absolutely, why not *on condition* that no bid of a certain size is offered? If the sheriff mistook the plaintiff's directions, or disobeyed them, the court below had a right to set the sale aside.

The purchaser, until sale is confirmed, is subject to the jurisdiction of the court as to equities like in extent as cases of private sale, (2 Paige, 341; 13 Wend., 226;) and he cannot complain if the sale is set aside.

3. But as a question of law upon the record, no sale could be advertised until a copy of appraisement had been deposited by the sheriff in the clerk's office, and thereafter 30 days' notice. Civil code, §454; Nash Prac., 606; Seney's Code, 352, §433, and notes.

4. This motion is addressed to the sound discretion of the court, and is not reviewable, unless it is clear that there has

17—10 KAS.

been great abuse of this discretion. 16 Peters, 286; 2 Comst., 564; 18 Wend., 550.

The opinion of the court was delivered by

VALENTINE, J.: William R. Pye recovered a judgment and decree of foreclosure against James Walsh and Alfred G. Otis. Pye then caused an order of sale to be issued on said judgment and placed in the hands of the sheriff of Nemaha county. Under this order of sale the property decreed to be sold was sold to A. K. Moore. Pye then moved the court to set aside said sale on various grounds. The court below granted the motion. The defendants below and Moore excepted to the ruling of the court, and now the defendants below and Moore seek to have the order of the court below setting aside said sale reversed. The counsel for Moore only files a brief and makes an argument for the plaintiffs in error in this court.

The plaintiff in an action has no right to have a sheriff's sale set aside against the objections of the other parties interested in such sale except for some good and sufficient reason. While the district court may in many cases be clothed with some judicial discretion in confirming or setting aside a sheriff's sale, yet, where the district court sets aside a sheriff's sale, on motion of the plaintiff, and against the objections of the other parties interested therein, without any sufficient reason therefor, the order of the district court, setting aside the sale, will be reversed by the supreme court on petition in error.

*1. Setting sheriff sale aside.*

*2. Order may be reviewed.*

The motion in this case was heard on affidavits. No oral testimony was introduced. Hence this court can examine the evidence and weigh it just as intelligently as the court below could. And while in such a case, if the evidence should be found to be conflicting and contradictory this court would not reverse the order of the district court if it were founded upon such evidence unless the order should clearly appear to be against the weight or preponderance of the evidence, yet, if the order should be founded upon

*3. Conflict of evidence.*

such evidence and should clearly appear to be against the weight and preponderance of the evidence, this court would reverse the order for that reason alone. (See in this connection *Armstrong v. Grant*, 7 Kas., 297; *K. P. Rly. Co. v. Butts*, 7 Kas., 316, in support of this view; and contra, *Waltire v. Carriger*, 5 Kas., 672.) The decision of this last proposition disposes of the most of the remaining questions. The other questions are mostly questions of fact. And as the evidence with regard to nearly all the facts clearly and unmistakably preponderates in favor of the plaintiffs in error, the supreme court must find such of the facts in their favor. The evidence clearly shows that Moore was a *bona fide* purchaser at said sheriff's sale; that he knew nothing of any instructions having been given by plaintiff's counsel to the sheriff; that the sale was made at the time and place mentioned in the notice of sale; that the sale was conducted strictly in accordance with law; that the property was sold for more than two-thirds of its appraised value; and that the purchase-money was duly paid by the purchaser to the sheriff. In fact, everything connected with the sale seems to have been fair and regular. But there are two other questions requiring consideration: It is claimed by the defendant in error that the sale was rightfully set aside because a copy of the return of the appraisers was not filed in the clerk's office before the sheriff commenced to publish notice of the sale. The notice was commenced to be published just seven days before the sheriff filed said return with the clerk. Sec. 554, of the civil code reads as follows:

4. Notice of sale; appraisement; filing return.

"SEC. 554. The officer receiving such return shall forthwith deposit a copy thereof with the clerk of the court from which the writ issued, and advertise and sell such property, agreeably to the provisions of this article." (Gen. Stat., 716.)

It is claimed by the defendant in error that under this section the sheriff must deposit a copy of the appraisers' return with the clerk before he can commence to advertise the property for sale. The section does not say so, and it does not mean so. It says that both shall be done forthwith,

and not that one shall be 'done before the other. In this case the property was appraised on the 1st of December 1871. The sheriff commenced to advertise the sale on the same day. He should also under said section have filed a copy of the appraisement with the clerk on the same day. But he neglected to do so, and did not file it until seven days afterward. The sale was advertised to be made, and was made, on January 2d 1872. Hence twenty-five days elapsed from the time of filing said return of the appraisement until the sale was made. This was certainly sufficient for any one who wished to bid at the sale, to ascertain what the appraisement was. Ordinarily, if a sheriff should do his duty, he would file the return of the appraisement before commencing to advertise the sale, for ordinarily he would be able to file the return on the same day that he received it; but he could not commence to advertise so soon, for ordinarily the newspaper in which he should wish to publish the advertisement would not be published on that day. This however would not always be so. It would sometimes happen that he could and would commence the publication of the notice first. If a sheriff should receive an execution from another county he would probably commence the publication first, for generally he could do so before he would be able to deposit a copy of the return of the appraisement "with the clerk of the court from which the writ issued." The whole of § 454, is probably merely directory. For, although said section positively requires that the officer who has the writ, shall advertise and sell the property levied on, or ordered to be sold, agreeably to the provisions of the article concerning executions, yet the legislature have unmistakably shown that they did not consider said section of itself sufficient to authorize the court to set aside a sheriff's sale for want of the proper advertisement; and for that reason they enacted the following provision found in § 457 of the same article, to-wit: "All sales made without such advertisement shall be set aside, on motion, by the court to which the execution is returnable." (Gen. Stat., 717.) We do not think that the court below

should have set aside the sale simply because the sheriff did not file the copy of the appraisement with the clerk until seven days after he commenced to advertise the notice of sale. We have examined all the authorities referred to by counsel.

The plaintiff below (defendant in error) also claims that said sale was rightfully set aside because he claims "that the said sheriff disobeyed the instructions of plaintiff's attorneys regarding such sale, being by such attorneys in-structed to strike off said property to the plaintiff at $1,400, unless more should be bid therefor."

5. Proceedings at sale. Sheriff cannot bid. Agency, negligence, etc.

The sheriff however states positively in an affidavit made by him, and read on the hearing of said motion, that no such instructions were ever given to him. We think it is clear from this affidavit that if any such instructions were given the sheriff did not understand them. But as the evidence seems to preponderate against the sheriff we shall assume for the purposes of this case that such instructions were given, that the sheriff understood them, and disregarded them. We shall assume for the purposes of the case that the plaintiff's counsel instructed the sheriff that if no person bid more than $1,400 for the property the sheriff should bid it off for the plaintiff at that amount; that the sheriff understood the instructions; that he assented thereto; and that he afterwards disregarded the instructions. And upon such assumption will the disregard of said instructions invalidate the sale, or authorize the court to set aside the same? We think not. It was no fault of the purchaser, or of the defendants, that the plaintiff was not at the sale so that he could bid personally upon the property. It was his own fault, and his own negligence. He had no more right to trust to the sheriff to bid for him than he would have had to trust to some other person if he had instructed such other person to bid for him. In fact, he did not have as much right to trust to the sheriff as he would have had to trust to some other person, for no person should be encouraged in making the sheriff an agent of his to bid for such person at the sheriff's own sales. Such a thing may sometimes be tolerated where everything seems

to be fair and regular, but it should never be encouraged. The sheriff cannot bid for any person in the capacity of sheriff. If he bids at all it must be in the capacity of agent for the person for whom he bids. If the sheriff promises to bid for some person, and then refuses to do so, he is not guilty of any official misconduct. He at most is only guilty of disregarding his duty as agent for such person. We think the plaintiff has no right to have the sale set aside for the neglect of his own agent. The rules in England with regard to sales made by masters in chancery can have but little application in this state to sales made by sheriffs. For our statutes govern all sheriff-sales made in this state. In England a sale made by a master in chancery was virtually open for the reception of bids until it was finally confirmed by the court. At least the court of chancery would always consider bids until it finally confirmed the sale. And said court always had absolute discretion as to whether the sale should be confirmed or not. These rules of the courts of chancery in England have been partially followed by the courts of chancery in New York. But even in New York it has been held that " Where property is regularly advertised and fairly sold by a master, a sale will not be set aside and a resale directed for the benefit of parties interested in the proceeds of the sale, to protect them against the consequences of their own negligence, where they are adults and competent to protect their own rights on the sale. And where the sale is in the usual manner, and the purchase is made by a stranger to the suit, mere inadequacy of price is not a sufficient ground for depriving the vendee of the benefit of his purchase, unless the inadequacy is so great as to be evidence of fraud or unfairness in the sale." *American Ins. Co. v. Oakley*, 9 Paige Ch., 259. In this state where a sheriff's sale has been fairly and regularly made; where all the requirements of the law have been complied with; where no fraud has intervened; where the property has been sold at a reasonably fair price, there is but little room left for the exercise of individual discretion in confirming or setting aside the sale, but generally if not always, the sale

must be confirmed. The property in this case was sold for $535, which was more than two-thirds of its appraised value. There is no claim that the property was appraised at less than its full value. The order of the court below must be reversed.

All the Justices concurring. ˙