CHARLES W. McDONALD v. THE CITIZENS' NATIONAL BANK OF CONCORDIA *et al.*

**No. 10168.**

CASE-MADE — *to review order confirming sale, must be served on·purchaser.* Purchasers of land at a sheriff's sale are necessary parties in this court to a proceeding to reverse an order of the district court confirming the sale and directing a deed to be made to the purchasers. Where the proceeding in this court is on a case-made which was not served on the purchasers and to which they are not parties, the petition in error will be dismissed.

Error from Cloud District Court. Hon. R. F. Thompson, Judge. Opinion filed July 10, 1897. *Dismissed.*

*Kennett & Peck* and *C. W. McDonald*, for plaintiff in error.

*Pulsifer & Alexander*, for Rigby and Wilson.

ALLEN, J. In this proceeding, the plaintiff in error seeks to reverse orders of the District Court overruling a motion to set aside a sale of real estate and sustaining a motion to confirm the sale. Both the

plaintiff in the action and the purchasers at the sale are named as parties in this court, but the case-made was never served on the purchasers. A motion is now made to dismiss, on the ground that Rigby and Wilson, the purchasers, are not bound by the case-made, and that no review of the orders can be had without their presence.

It has been repeatedly held that a purchaser at a sheriff's sale may prosecute a proceeding in this court to reverse an order of the district court setting aside the sale. *Moore v. Pye*, 10 Kan. 246 ; *Cowdin v. Cowdin*, 31 id. 528 ; *Jones v. Carr*, 41 id. 329. The purchaser, by his bid, the payments of the purchase money, and the sheriff's return of the sale, becomes a party to the record. As in the case last cited, his interests may be adverse to those of both the plaintiff and the defendant. He is not obliged to depend on either of them to protect his rights, nor has either of them authority to speak for him unless he gives it. In this case, the purchasers paid three thousand dollars for the property. They have a right to be heard in this court on a case properly served on them, before any order is made affecting their rights ; and a reversal of the order confirming the sale would certainly affect their title to the property under their purchase. The suggestion that the purchasers did not appear at the hearing of the motion in the District Court, and that they, therefore, were not parties there and need not be made parties here, is without force. They were constructively present when the motions were heard, for it was their duty, after having made the bid and paid the purchase money, to protect their interests when the motions were heard.

They were bound by the order of confirmation, and would have been equally bound by an order setting aside the sale.

The petition in error is dismissed.