THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY v. JOHN B. CROSS *et al.*

**No. 12,240.**    ( 66 Pac. 620.)

SYLLABUS BY THE COURT.

RES JUDICATA — *Action against New Santa Fe Company for Interest on Judgment against the Old Company.*   Pending an action in the state court for personal injuries against the Atchison, Topeka & Santa Fe Railroad Company, receivers were appointed in a foreclosure suit against the company brought in the United States circuit court, and they took possession of its property.   A judgment was obtained in the personal-injury action, and under the order appointing the receivers they were required to pay judgments of that kind as of course, out of the property in their hands.   Later, under a decree of the federal court, all of the assets of the railroad company, except a small portion, were sold and the Atchison, Topeka & Santa Fe Railway Company became the purchaser.   In the decree confirming the sale the railway company was required to pay all claims against the old company for which the receivers were liable.   Before the discharge of the receivers a special master was appointed by the United States circuit court in the foreclosure suit to take an account of all property and effects of the railroad company remaining after the sale of its assets, and of all property to which the receivership continued, and of all other property which had come, or should thereafter come, into the hands of the receivers, and to report the names and residences of the creditors of said railroad company, and the amounts and particulars of the respective claims of such creditors against said railroad company or its property.   The master was required to give notice to all parties having specific claims on the property of the railroad company, or on any property which had or should come into the possession of the receiv-

ers, to exhibit their claims at a time fixed by him, or to be excluded from all benefit under the order or reference.  Plaintiffs in the judgment in the state court exhibited the same before the special master and it was allowed by him, less the interest, which action of the master was confirmed by the court appointing him. The principal of the judgment was paid into court by the railway company and accepted by the claimants.  Thereafter an action was commenced in the court below for the recovery of this interest disallowed by the special master.  *Held*, that the order of allowance made by the master and confirmed by the United States circuit court was conclusive on the plaintiffs in the judgment to the extent that it cannot be relitigated in another action to recover the amount of the claim for interest disallowed by the federal court.

Error from Lyon district court; W. A. RANDOLPH, judge.  Opinion filed November 9, 1901.  Division one.  Reversed.

### STATEMENT.

THIS was an action brought to recover from the Atchison, Topeka & Santa Fe Railway Company the sum of $800, interest on a certain judgment rendered in the district court of Lyon county, Kansas, against the Atchison, Topeka & Santa Fe Railroad Company. The case was tried on an agreed statement of facts, the material parts of which are as follows:

In December, 1893, defendants in error brought an action against the latter company for damages on account of the negligent killing of their son.  Judgment was rendered against the railroad company on May 9, 1894, for $4000, together with costs and interest, which judgment was affirmed by this court July 10, 1897.  (*Railroad Co. v. Cross*, 58 Kan. 424, 49 Pac. 599.)  During the pendency of the action, and on December 23, 1893, receivers were appointed in a suit of foreclosure pending in the United States circuit court, in which the Union Trust Company was complainant and the railroad company was defendant, and said receivers took charge of all the property and ef-

fects of the railroad company. On December 10, 1895, the property of the railroad company was sold, under a decree of foreclosure, by John B. Johnson, special master appointed by the United States circuit court, to Edward King, Charles C. Beaman, and Victor Morawetz, who, two days thereafter, conveyed the property purchased to the Atchison, Topeka & Santa Fe Railway Company. On the 18th day of March, 1896, an order was made in the circuit court of the United States in the consolidated causes of *The Union Trust Company of New York v. The Atchison, Topeka & Santa Fe Railroad Company, The Union Trust Company of New York v. said company and The Mercantile Trust Company, The Mercantile Trust Company v. The Atchison, Topeka & Santa Fe Railroad Company and The Union Trust Company of New York*—being the cause in which the receivers were appointed—whereby Eugene S. Quinton was appointed special master for various purposes mentioned therein. The order directs such special master

"to take an account of all the assets, property and effects of the said railroad company remaining since the sale of the assets, property and effects sold pursuant to said decree of foreclosure and sale, in whosesoever hands the same may be, and of the property as to which a receivership is hereby continued or created, and of all other property which has come or shall hereafter come into the hands of the receivers under this decree, and to ascertain and report to the court the names and residences of the creditors of the said railroad company, and the amounts and particulars of the respective claims of such claimants against said railroad company or its property ; and it is ordered that the parties to this action and the receivers do attend from time to time before said special master as required by the order or summons of said special master, with all the books, papers and documents in their possession relating to the affairs, busi-

ness or property of the said railroad company; that the said special master give notice by publication, according to the course, rules and practice of this court in such cases, to all the creditors of the said railroad company and to all parties having specific claims upon the property of said railroad company, or upon any property which has or shall come into the possession of the said receivers, to exhibit their claims in such manner and form as he, the said special master, may direct and approve, at or before such time and at such place as said special master may designate for that purpose; and all creditors and claimants failing to exhibit their claims to him in such manner and form within the time limited by him for that purpose shall be excluded from the benefit of the said reference under this order.''

On the 12th day of July, 1897, defendants in error appeared by their attorneys before the said special master and presented their claim of judgment. Exceptions were filed thereto by other creditors of the railroad company. After a hearing, the master found that the judgment was a just and a valid claim against the railroad company in the sum of $4000, and that it was wholly unpaid, and recommended that the claim to the amount of said $4000 be allowed, and no more, as a valid claim against the assets and effects of the Atchison, Topeka & Santa Fe Railroad Company, and that the same be paid out of said assets *pro rata* with all other claims filed before the special master in said sequestration proceedings. Thereafter, on November 22, 1897, a decree was entered in the circuit court of the United States in said consolidated causes confirming the report of the special master, and in that decree the claim and judgment of John B. and Zelma A. Cross was allowed for the sum of $4000 and no more, and was held to be a valid claim in the proceedings had in the consolidated causes

against the railroad company for that amount, and entitled to be prorated with all the other claims filed before the special master in said sequestration proceedings and allowed by him in the distribution of the assets of said railroad company. There was no exception to or appeal from this order. The claim for interest was disallowed. The principal of the judgment was paid by the railway company. In this action judgment was rendered for the interest in favor of defendants in error in the court below.

In the proceedings of which Quinton was special master there was made, in the case of *P. P. Elder, as Administrator, v. The Atchison, Topeka & Santa Fe Railroad Company*, in said consolidated cause, and upon a matter and claim of the same kind and character as the claim of defendants in error, an order entitled in the equity suit reciting that Elder intervened therein by his attorneys, and proceeding as follows:

"Ordered, adjudged and decreed that said petition be sustained, and that said claim be declared to be a lien upon the property of said railway company to the amount of the judgment and costs, with interest from the 28th day of June, 1892, to the 4th day of January, 1894, at six per cent. per annum. It is further ordered that said railway company pay the same within thirty days from this date, and in default thereof that execution issue, and that said judgment draw interest at six per cent. per annum after the 7th day of August, 1897."

*A. A. Hurd*, and *O. J. Wood*, for plaintiff in error.

*Waters & Waters*, and *J. F. Switzer*, for defendants in error.

The opinion of the court was delivered by

SMITH, J. : In their petition the plaintiffs below alleged that the Atchison, Topeka & Santa Fe Railway

Company, defendant in this case, purchased the entire line of the Atchison, Topeka & Santa Fe Railroad Company at a foreclosure sale, under a decree of the United States circuit court for the district of Kansas, in which decree, among other things, it was provided that the purchasers of the Atchison, Topeka & Santa Fe Railroad Company should, as a part of the purchase-money, pay, in addition to other things, all liabilities, dues and demands which might be asserted and finally determined against the railroad company; that the defendant railway company became the purchaser and took possession of said property, and is now in use and occupation of the same by virtue of said decree and its bid and purchase, and has become liable to pay said judgment and interest thereon, and has paid on same the sum of $4000, but no interest, the defendant refusing to pay on some pretext unknown to the plaintiffs.

It is unnecessary to discuss whether, under the terms of the decree confirming the sale of the railroad property, the purchasers became liable for the payment of the judgment held by defendants in error against the old company without an order of court "adjudging the same to be prior in lien to the general mortgage, and directing payment thereof." The quoted language has received much attention from counsel, and its meaning, when read in connection with other parts of the decree, is the subject of totally divergent views. The decision of another question in the case is, in our judgment, conclusive against a recovery by the defendants in error.

It must be conceded that the plaintiffs below took no greater rights against the Atchison, Topeka & Santa Fe Railway Company than they had against Edward King and his associates, the purchasers of

the road at the master's sale, who conveyed to the railway company. In fact, the petition alleges that the railway company was the purchaser, and we shall treat it as such. The purchasers of the railroad property at the master's sale, by that act, became parties to the equity suit in which the foreclosure was had, upon which the decree for a sale was based, and submitted themselves to the jurisdiction of the court, at least as to all matters connected with the sale. (*Clarkson v. Read et al.*, 15 Gratt. [Va.] 288; *McDonald v. National Bank*, 58 Kan. 461, 49 Pac. 595.) Admitting that the railway company, the purchaser, was liable for the payment of the claim of defendants below, it was only so made liable because it bought property out of which, for equitable reasons, this judgment with interest was decreed to be paid. The amount to be paid on the judgment was determined in a case where these judgment creditors, the complainants in the equity suits and the purchasers at the master's sale were parties. The nature of the proceeding was, under the order defining the master's duties, a marshaling of demands against the old company, or its property, and the ordering of a subsequent report to the court of the names and residences of the creditors of the railroad company and the amounts of their respective claims.

The question decided by the court in confirmation of the report of the special master relative to the claim of defendants in error was, How much of their demand ought to be paid out of the property of the insolvent railroad company? The judgment of the defendants below, and all like it, having been, by the decree appointing the receivers, made preferred claims on the property, why was not an adjudication of the federal court in the particular case in which the re-

ceivers were appointed, and to which the purchasers made themselves parties, determining the amount plaintiffs below should be paid, binding on the latter? · The judgment was for the payment of $4000 out of the property of the old road. The purchasers were liable only because they bought the property of the old company, against which the amount of this judgment was a superior claim. The allowance of $4000 only by the special master and the court as a demand against the property fixed the status of the claim as to the amount for which the property of the old company was liable. The purchasers were not bound to pay any claim for which the receivers were not liable. The amount to be paid was to be derived out of the property formerly owned by the railroad company, whether in the possession of the receivers or the new company (the purchaser). If there was not enough in the receivers' hands, then the new company, after the order confirming the special master's report, was bound for the deficiency and required to satisfy the claim to an amount for which the court adjudged the property was liable.

Counsel for defendants in error say that under the decree confirming the sale the purchasers are liable to pay this judgment in full; that the receivers were directed to pay such judgments as of course, and that this direction stands in the decree of confirmation against the purchasers. Admitting this, the impediment in the way of their clients is the judgment of the United States circuit court, not appealed from, in a proceeding where all the parties were before it, and in which it was adjudged that the property of the old company was liable to defendants in error for $4000 and no more. The special master was required, in the decree appointing him, to give notice

to "all creditors of said railroad company (the old corporation) and to all parties having specific claims upon the property of said railroad company, or upon any property which has or shall come into the possession of the said receivers," to exhibit their claims, etc.

The situation here cannot be likened to that where a claim is exhibited for allowance before an assignee in insolvency or a receiver in ordinary cases. In the present case, as shown above, the property which the new company bought, and that remaining in the receivers' hands which it did not buy, stood charged with this judgment. The United States circuit court decided that the property held by the receivers was liable for $4000 only. This property, and that purchased by the railway company, had the same source of ownership, namely, the Atchison, Topeka & Santa Fe Railroad Company, and it all stood equally charged with the payment of this claim.

The proceedings were had in the equity suits. The court was administering upon the estate of the insolvent railroad corporation, winding up its affairs and determining the amount of claims justly payable out of the assets. It had these judgment creditors and the purchaser of the road before it. The court, when administering this estate and passing on matters referred to Quinton as special master, determined the amounts of other judgments which the railway company should pay. In the case of P. P. Elder, as administrator, against the old company, a judgment of the same character as this was "declared to be a lien upon the property of said railway company," and it was further "ordered that said railway company pay the same within thirty days from this date." It will be seen from this that, in the consideration of claims presented to the special master, the court exercised

its power to order the railway company to pay like judgments within a time fixed. This action of the court indicates that the orders made concerning such demands were not restricted to providing for their payment solely out of the assets then in the receivers' hands, but it undertook, with all parties before it, to adjudicate the amount which the purchasing company should pay. The proceedings before the special master were had for the purpose of determining claims against an insolvent estate. The plaintiffs in error, having gone into the federal court and submitted their claim for allowance, must be held to the amount of the award. At least, they cannot set it aside in this collateral manner.

The judgment of the court below will be reversed, with directions to enter judgment in favor of the plaintiff in error.

JOHNSTON, GREENE, ELLIS, JJ., concurring.