219 P.3d 819 (2009)
FIRST NATIONAL BANK AND TRUST CO. IN LARNED, Appellant,
v.
Russell L. WETZEL; Laverne H. Wetzel; Virginia Goldsberry; Elizabeth Mobley; Paul Wetzel; Leroy Wetzel; Steve Wetzel; Board of County Commissioners of Edwards County, Kansas; Southern Plains Co-op at Lewis, Kansas; U.S. Internal Revenue Service; Post Rock Gas, LLC; et al., Appellees.
No. 101,206.
Court of Appeals of Kansas.
November 6, 2009.
*821 Casey R. Law, of Bremyer & Wise, L.L.C., of McPherson, for appellant.
Jacqueline R. Butler, of Smith, Burnett & Larson, LLC, of Larned, for appellees Steve Wetzel and Leroy Wetzel.
Before MALONE, P.J., GREEN and MARQUARDT, JJ.
MALONE, J.:
First National Bank and Trust Co. in Larned (FNB) appeals the judgment in the amount of $3,709.43 granted by the district court in favor of Steve and Leroy Wetzel (Wetzel Buyers), representing interest on the money they had borrowed from another bank to purchase land at a sheriff's sale initiated by FNB, which was later set aside. For the reasons stated herein, we reverse the district court's judgment.
On February 22, 2007, FNB filed a mortgage foreclosure action against Russell L. Wetzel (judgment debtor) and other parties to foreclose on three parcels of real estate that served as collateral on a debt owed to FNB. FNB obtained summary judgment on October 17, 2007. On November 14, 2007, the district court ordered the sheriff of Edwards County to sell the three parcels of real estate. The order of sale contained language that FNB's foreclosure judgment included "all sums advanced by [FNB] hitherto for... title evidence" on the three parcels of real estate.
The sheriff published notice of the foreclosure sale in the local newspaper. On December 19, 2007, the sheriff conducted the sale, at which the Wetzel Buyers purchased one of the three parcels of real estate for $200,000. FNB was the successful bidder on the other two remaining parcels. FNB filed a motion to confirm the sheriff's sale, but the record does not reflect whether the district court entered an order confirming the sale.
After the sheriff's sale, the judgment debtor discovered through public records in Edwards County that several entities held subordinate liens on all three parcels of real estate, including the parcel purchased by the Wetzel Buyers, but that the additional lienholders had not been named as parties in the foreclosure action. Thereafter, on March 6, 2008, the judgment debtor filed a motion to set aside the sheriff's sale and to return the purchase money tendered by the successful bidders at the sale. Neither FNB nor the Wetzel Buyers objected to the motion to set aside the sheriff's sale, and the district court subsequently granted the motion.
On March 20, 2008, the Wetzel Buyers filed a motion for interest and a memorandum in support thereof. In the motion, the Wetzel Buyers sought interest from FNB on the money they had borrowed from another bank to purchase the parcel of real estate at the sheriff's sale. The district court later issued a scheduling notice stating that the motion for interest was "set for Summary Judgment on April 7, 2008." The hearing was held on that date.
After hearing arguments of counsel, the district court ruled that although the Wetzel Buyers were not parties to the foreclosure action, they had standing to pursue their claim for interest expenses from FNB. The district court reasoned that even though the $200,000 purchase money had been held by the clerk of the district court, and FNB had not received a benefit from the money, the *822 sheriff had sold the real estate at FNB's request. Thus, the district court found that equitable principles applied "to make the parties whole or to place them back in their original position." Accordingly, the district court ordered FNB to reimburse the Wetzel Buyers for their interest expenses in the amount of $3,709.43. FNB timely appealed.
FNB asserts three arguments on appeal. First, FNB argues that the Wetzel Buyers lacked standing to pursue their motion for interest against FNB because the Wetzel Buyers were not parties to the foreclosure action. Second, FNB argues that the district court lacked authority to treat the Wetzel Buyers' motion for interest as a summary judgment motion. Third, FNB argues that the Wetzel Buyers were not entitled to receive a money judgment against FNB for their interest expenses because FNB violated no duty owed to them.
Standing is a jurisdictional question whereby courts determine "whether the plaintiff has alleged such a personal stake in the outcome of a controversy as to warrant invocation of jurisdiction and to justify exercise of the court's remedial powers on his or her behalf. [Citation omitted.]" Board of Sumner County Comm'rs v. Bremby, 286 Kan. 745, 750-51, 189 P.3d 494 (2008). Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. Harsch v. Miller, 288 Kan. 280, 286, 200 P.3d 467 (2009).
The Kansas Supreme Court has previously held that a purchaser at a sheriff's sale has standing to raise issues in court concerning the subject matter of the sale. In Cowdin v. Cowdin, 31 Kan. 528, 529, 3 P. 369 (1884), the Kansas Supreme Court held:
"[A] party purchasing at a sheriff's sale acquires such an interest and becomes so far a party to the case that he is entitled to file a motion for the confirmation of the sale, or to institute proceedings in error in this court to reverse an order setting aside the sale. [Citation omitted.]"
The Kansas Supreme Court cited Cowdin with approval in McDonald v. National Bank, 58 Kan. 461, 462, 49 P. 595 (1897), stating:
"It has been repeatedly held that a purchaser at a sheriff's sale may prosecute a proceeding in this court to reverse an order of the district court setting aside the sale. [Citations omitted.] [A] purchaser, by his bid, the payments of the purchase money, and the sheriff's return of the sale, becomes a party to the record. ... [H]is interests may be adverse to those of both the plaintiff and the defendant. He is not obliged to depend on either of them to protect his rights, nor has either of them authority to speak for him unless he gives it. ... [Purchasers] have a right to be heard in this court on a case properly served on them, before any order is made affecting their rights; and a reversal of the order confirming the sale would certainly affect their title to the property under their purchase."
The Kansas Supreme Court further cited to Cowdin and McDonald in Sumner County Comm'rs v. Avis, 163 Kan. 388, Syl. ¶ 2, 183 P.2d 462 (1947). In Avis, the court found that a purchaser at a sheriff's sale acquired sufficient interest and became a party to the proceedings such that the purchaser could appeal an order of the court setting aside the sale.
The above cases do not address whether a purchaser at a sheriff's sale has standing to seek interest from the judgment creditor on the purchaser's borrowed purchase money after the sale has been set aside. However, rules of equity apply to the present case because all actions to foreclose mortgages are equitable in nature. First Nat'l Bank of Olathe v. Clark, 226 Kan. 619, 623, 602 P.2d 1299 (1979). The Kansas Supreme Court has said that "where a court of equity has obtained jurisdiction of a controversy on any ground it will retain such jurisdiction for the purpose of administering complete relief and doing entire justice with respect to the subject matter. [Citation omitted.]" Nelson v. Robinson, 184 Kan. 340, 345, 336 P.2d 415 (1959).
Here, the Wetzel Buyers became a "party to the record" through their bid and had the right to be heard on "any order ... affecting their rights." McDonald, 58 Kan. *823 at 462, 49 P. 595. Therefore, the district court retained jurisdiction on any claim asserted by the Wetzel Buyers related to the subject matter of the original proceeding. The issue of interest on the borrowed purchase money related to the same subject matter on which the district court obtained jurisdiction in the first place. Because the Wetzel Buyers became a party to the record with the right to be heard on any claim relating to the subject matter of the sheriff's sale, we conclude they had a sufficient stake in the outcome of the controversy to pursue their claim for interest expenses against FNB.
Next, FNB argues that the district court lacked authority to treat the Wetzel Buyers' motion for interest as a motion for summary judgment. FNB asserts that only parties to a lawsuit are permitted to move the court for summary judgment. FNB also asserts that the district court failed to comply with Supreme Court Rule 141 (2008 Kan. Ct. R. Annot. 222) in granting summary judgment to the Wetzel Buyers on their claim for interest expenses.
FNB's argument in this regard can be disposed of quickly. As has already been discussed, "[a] purchaser, by his bid, the payments of the purchase money, and the sheriff's return of the sale, becomes a party to the record." McDonald, 58 Kan. at 462, 49 P. 595. Thus, the Wetzel Buyers were a party to the record and had standing to seek summary judgment on their claim for interest. As for the district court's failure to comply with Supreme Court Rule 141 in granting summary judgment, FNB failed to raise this issue in district court. Generally, an issue not raised before the district court cannot be raised on appeal. Miller v. Bartle, 283 Kan. 108, 119, 150 P.3d 1282 (2007).
Turning to the merits of the Wetzel Buyers' motion, the issue becomes whether the district court properly granted summary judgment on the Wetzel Buyers' claim for interest. The facts of this case are not in dispute. FNB never presented any evidence to contradict the Wetzel Buyers' factual claims that they had incurred interest expenses totaling $3,312.32, as well as per diem interest at the rate of $39.72 per day from March 12, 2008. Where there is no factual dispute, appellate court review of an order granting summary judgment is de novo. Central Natural Resources, Inc. v. Davis Operating Co., 288 Kan. 234, 240, 201 P.3d 680 (2009).
The Wetzel Buyers acknowledge there is no statutory authority for the district court to award them interest from FNB on the money they had borrowed to purchase the parcel of real estate at the sheriff's sale. Thus, the Wetzel Buyers characterize their award against FNB as a judgment for damages, and not interest. The Wetzel Buyers argue that the district court was correct in awarding them damages against FNB under general principles of equity in order to make them whole and to return them to their original position prior to the sheriff's sale.
The Wetzel Buyers are correct that courts of equity have power to apply the law to unusual conditions and to grant relief as the facts of a particular case may require. It is undisputed that the Wetzel Buyers suffered a loss due to their borrowing $200,000 to buy the parcel of real estate at the sheriff's sale. But a mere loss alone is insufficient to create a right to damages. At both law and equity, an injured party cannot obtain a remedy unless there is a corresponding wrong for which a remedy is necessary.
In order for FNB to be liable for damages sustained by the Wetzel Buyers, even as a matter of equity, FNB must have violated some duty it owed to the Wetzel Buyers, thereby giving them a right to pursue an action against FNB. The issue turns on whether FNB, as a judgment creditor, breached a duty owed to the Wetzel Buyers, as purchasers at the sheriff's sale instituted at FNB's request. The question of whether a duty exists is reviewed by an appellate court using a de novo standard. Robbins v. City of Wichita, 285 Kan. 455, 460, 172 P.3d 1187 (2007).
A sale of property on foreclosure is a judicial sale as distinguished from an execution sale. Aguilera v. Corkill, 201 Kan. 33, 36, 439 P.2d 93 (1968). A purchaser at a judicial sale receives what is generally regarded *824 as a quitclaim deed, and takes "'all the right, title, and interest of the parties to the proceedings in and to the property conveyed to him, and no more, except that the sale may operate under some circumstances to cut off outstanding equities.'" Aguilera, 201 Kan. at 36-37, 439 P.2d 93 (quoting 30A Am.Jur., Judicial Sales § 178). "A purchaser taking a quitclaim deed is under a duty to search up the chain of title." Schwalm v. Deanhardt, 21 Kan.App.2d 667, 672, 906 P.2d 167 (1995). Kansas courts charge parties with constructive notice of public records. Harms v. Burt, 30 Kan.App.2d 263, 267, 40 P.3d 329 (2002).
Furthermore, this court has specifically found that a purchaser of either real or personal property is bound to take notice of the facts affecting the title to the property which the records of the county show, and which records the statutes provide shall be public notice. Bankers Trust Co. v. United States of America, 29 Kan.App.2d 215, 219, 25 P.3d 877 (2001). More importantly, this court has stated that absent fraud or an affirmative act by the judgment creditor preventing a purchaser at a sheriff's sale from accessing public records, "`it is negligence for a purchaser of either real or personal property to make the purchase without ascertaining the facts shown by the records which may affect the title to be acquired.' [Citation omitted.]" 29 Kan.App.2d at 219, 25 P.3d 877.
A party who negligently fails to check the title on property purchased at a sheriff's sale has no remedy at law or equity. "`In the absence of such fraudulent conduct the purchaser will be presumed to have bought with knowledge of all the facts which the records at the time would have disclosed. Equity cannot be invoked to relieve one from the consequences of his own negligence.' [Citation omitted.]" Bankers Trust Co., 29 Kan.App.2d at 219, 25 P.3d 877.
The above cases establish that the Wetzel Buyers, as purchasers at a judicial sale, had the duty to search the chain of title for liens on the real estate they purchased at the sheriff's sale. If the Wetzel Buyers negligently failed to perform this duty, equity will not permit them to recover for their own negligence unless FNB either prevented the Wetzel Buyers from examining the records or induced the Wetzel Buyers not to examine the records.
The Wetzel Buyers argue that FNB misrepresented the facts and induced them not to examine the records on the parcel of real estate they purchased at the sheriff's sale. The Wetzel Buyers cite to the order of sale which stated that FNB's foreclosure judgment included "all sums advanced by [FNB] hitherto for ... title evidence" on the three parcels of real estate. The Wetzel Buyers argue that this language represented that FNB had expended money for "title evidence" prior to the date the document was filed and that this statement, as part of the public record, implied that title work had already been completed upon which they could rely.
This argument is without merit. First, the Wetzel Buyers never argued in district court that they relied on the language in the order of sale regarding "title evidence." Generally, an issue not raised before the district court cannot be raised on appeal Miller, 283 Kan. at 119, 150 P.3d 1282. More importantly, the language in the order of sale that FNB's foreclosure judgment included money expended for "title evidence" should not have reasonably induced the Wetzel Buyers from performing their own duty to check the public records. The Wetzel Buyers were negligent in failing to investigate whether there were subordinate liens on the property. Equity will not permit them to recover for their own negligence.
In conclusion, equitable remedies cannot be imposed in the absence of the breach of a duty. FNB breached no duty to the Wetzel Buyers because the Wetzel Buyers themselves had the obligation to check the title to the property they were purchasing. Equity cannot be invoked to save the Wetzel Buyers from the consequences of their own negligence. We conclude the district court erred in awarding the Wetzel Buyers a judgment against FNB for their interest expenses.
Reversed.