ELMIRA COWDIN v. J. P. COWDIN, *et al.*

1. PARTY; *Purchaser at Judicial Sale.* A purchaser at a sheriff's sale acquires such an interest and becomes so far a party, that he may make a motion to confirm the sale, or, no matter by whom such motion is made, maintain proceedings in error to reverse an order overruling it and setting aside the sale.

2. SHERIFF'S SALE; *Confirmation.* Where all the proceedings appear to have been regular, and nothing outside the record is shown, it is error to refuse to confirm the sale.

*Error from Woodson District Court.*

THE plaintiff in error, *Elmira Cowdin,* alleges that on the 16th day of June, 1883, the motion to confirm the sale of certain real estate, to wit, the N.E.¼ of section 17, township 25, south, range 16, east, sold to her on the 2d day of May, 1883, by the sheriff of Woodson county, at a judicial sale, came on to be heard in the district court of that county, and the court refused to confirm said sale, and set the same aside. Of these proceedings she complains, and brings them here for review. The opinion states the facts.

*G. M. Martin,* for plaintiff in error.

*J. E. Pickett,* for defendant in error August Todman.

The opinion of the court was delivered by

BREWER, J.: It would seem from the brief of counsel for defendant in error that he was not aware of what the record in this case contains, for his brief is wholly devoted to matters which are not disclosed by the record. What the record discloses is this: After a decree in a foreclosure case, an order of sale was issued, and upon that a sale made to Elmira Cowdin, the present plaintiff in error. She was no party to the action in which the decree was rendered. The sheriff returned the order of sale with his return of a sale to Elmira Cowdin duly indorsed thereon, and signed. Thereafter this journal entry appears:

"This cause coming on now to be heard upon the motion to confirm the sale of the real estate heretofore, to wit, on the 2d day of May, 1883, and the court having examined the proceedings therein and being fully advised in the premises, does refuse to confirm the said sale, and does order that the same may be and is hereby set aside, for the reason that no sufficient sale of the premises has been made by the said sheriff; and it is further by the court ordered that an *alias* order of sale issue in said cause.

(Day's proceedings signed)        H. W. TALCOTT, Judge."

This is all there is in the record subsequent to the sheriff's return.    The transcript is certified as follows:

"I, W. E. Hogueland, clerk district court in and for said county and state, do certify that the above and foregoing is a true and correct transcript of the proceedings in the case of August Todman *v.* J. P. Cowdin, *et al.,* in and about the sale of the real estate involved in said action to Elmira Cowdin, and the setting aside of said sale by the court, as they appear of record and on file in my office."

No defect is pointed out by counsel in the sheriff's return of the order of sale, and no question is made as to the validity of the decree.    Now upon this record we remark that a party purchasing at a sheriff's sale acquires such an interest and becomes so far a party to the case that he is entitled to file a motion for the confirmation of the sale, or to institute proceedings in error in this court to reverse an order setting aside the sale. (*Collins v. Ritchie*, ante, p. 371; *Harrison v. Andrews*, 18 Kas. 535.)

We remark further, that when the decree, the order of sale and the sheriff's return are all regular in form and sufficient, and no extrinsic matters are shown, it is the duty of the court to confirm the sale, and error to set it aside. (*N. E. M. S. Co. v. Smith*, 25 Kas. 622.)    So that upon the record as it stands the court erred in refusing to confirm the sale, and in setting it aside, and this is an error of which the plaintiff in error can take advantage.    As against these facts, counsel for defendant in error insists as a matter of fact that the plaintiff in error failed to pay the money she had bid.    If this was a

34 — 31 KAS.

Cowdin v. Cowdin.

fact, the sheriff should have obtained leave to correct his return so as to make it recite the fact of the bid, the failure to pay, and therefore no completed sale.

Again, he insists that she, by her agent, consented to the setting aside of the sale. If this were so, the record should show such consent.

Again, he says that she was not the party who made the motion to confirm the sale. The record fails to show who was in fact the moving party; but that we think is immaterial. Her rights are not affected by the fact that some other was the moving party.

Again, he says that a subsequent sale was had, at which she by her agents was present and making no objection; but nothing of this kind appears.

Finally, he insists that at such subsequent sale, another party became the purchaser; that he is therefore a party interested in the question, and no decision can be made without his presence in this court. But as the record shows nothing subsequent to the setting aside of the sale, this objection cannot be considered by us. Obviously we think counsel is not aware of what the record in this court contains. If it be defective, a diminution should have been suggested. As it is, the order of the district court must be reversed, and the case remanded for further proceedings.

As it seems likely that other facts existed which are not apparent in the record, the district court will not be ordered to confirm the sale; but will be directed to take such further proceedings as shall be right and proper upon the facts, in accordance with the views above expressed.

All the Justices concurring.