C. E. JONES *et al.* v. C. W. CARR *et al.*

1. EXECUTION—*Levy*—*Appraisement*—*Duty of Sheriff.* It is the duty
of an officer levying upon real property under an execution, in all
cases where the appraisement is not waived, to deposit forthwith a
copy of the return of the appraisement with the clerk of the district
court.

2. ———— *Setting Aside Sale.* Mere inadequacy of price is not suffi-
cient to set aside a sheriff's sale; but it may be considered with other
grounds, and where the inadequacy is palpable, the purchaser can
only retain his advantage by showing that the proceedings are free
from fault and irregularity.

3. SHERIFF'S SALE, *When Set Aside.* Where both the judgment creditor
and judgment debtor move to set aside a sheriff's sale before its con-
firmation, an order vacating it will be sustained when it appears that
the sheriff failed to deposit with the clerk of the district court a copy
of the appraisement; that the land was sold much below its value;
and also that the attorney for the judgment creditor misled one who
wished to buy the land, by telling him the incorrect date of sale.

*Error from Miami District Court.*

THE opinion states the case.

*Jno. C. Sheridan,* for plaintiff in error Jones.

*W. H. Browne,* for plaintiff in error Campbell.

*Carroll & Sheldon,* for Buford & George Implement Company; *W. B. Brayman,* for defendants in error C. W. Carr and Laura Carr.

Opinion by HOLT, C.: On the 4th of March, 1887, the Buford & George Implement Company obtained judgment in the Miami district court against C. W. Carr for $1,593.50, and a decree of foreclosure of certain mortgages, and the sale of lands described therein to satisfy said judgment. On the 4th of April following a special execution was issued, directing the sheriff to sell these lands; on the 6th the sheriff had them duly appraised, and on the 8th inserted the first publication in a newspaper, advertising the lands to be sold on the 10th of May following, at one o'clock P. M., and at that time did sell both tracts; one to C. E. Jones, plaintiff in error, and the other to H. S. Campbell, also plaintiff in error. Subsequently Jones and Campbell each filed motions for confirmation of sale, and Carr, the judgment debtor, and the Buford & George Implement Co., the judgment creditor, filed motions to set the sale aside. Upon a hearing of all the motions, the court set it aside; complaining of that order, the purchasers at the sheriff's sale come to this court.

The judgment creditor in its motion to set aside the sale, and as a part thereof, made a bid of $1,650 for the tracts sold, in the event the sale should be set aside and a new sale ordered. The attorneys for the judgment creditor had been directed before the sale to make a bid of $1,650 for the lands. It is shown that the attorneys for the judgment creditor believed the sale was to have been in June instead of May; there is no reason given or any evidence offered to show why they were thus mistaken. The notice fixing the day of sale to be

the 10th day of May was brought to one of them and he signed it, without, however, any examination of its contents; but it is established by the evidence beyond question, that they were honestly mistaken about the date of sale. One of them told Dr. Reichard, who said he wished to buy the land, that it would take place on the 7th of June; Reichard testified that he would have paid the full amount of the judgment and $100 more to have secured the land.

There was no copy of the return of the appraisers deposited with the clerk of the court before the sale; the notice of the sale itself, however, showed the amount of the appraisement of each of the two tracts. There is considerable testimony tending to show that the larger tract, containing $14\frac{1}{2}$ acres, was worth $1,600; that a day or two after the sale Jones said he expected to have $1,200 or $1,400 for the land; and that upon the day of the sale and about two hours after he bought it, he met one of the attorneys for plaintiffs and told him that he would sell it to him for $1,600, but would not take a cent less. It also appears that upon the day of sale, after the $14\frac{1}{2}$-acre piece had been bid in by Jones, Campbell bid for the undivided half of the smaller tract $320, but probably under a mistake that he was purchasing the whole instead of a part of the land; discovering his mistake, he and his competitor in the bidding, Jones, went into the office of the clerk of the court and had a consultation; afterwards coming out he made a single bid of $100 for the undivided half of the tract, and it was sold to him. There was evidence offered tending to show that the undivided one-half of this smaller tract was worth more than the sum for which it was sold.

It is well established in this state by a long line of decisions, that mere inadequacy of price at sheriff's sale is not of itself sufficient to set the sale aside; and although these tracts were sold for less than half of their value, yet as they were sold for more than two-thirds of their appraisement, we would not upon that ground alone sustain the order of the court setting aside the sale. (*Moore v. Pye,* 10 Kas. 246; *Northrop v. Cooper,* 23 id. 432; *Savings Bank v. Marsh,* 31 id. 771; *McGeorge*

*v. Sease,* 32 id. 387; *Babcock v. Canfield,* 36 id. 437.) But inadequacy of price may be considered with other grounds for setting aside a sheriff's sale. (*Dewey v. Linscott,* 20 Kas. 684; *Pickett v. Pickett,* 31 id. 727; *Capital Bank v. Huntoon,* 35 id. 577.) And where the inadequacy is palpable, the purchaser can only retain his advantage by showing the proceedings are free from fault or irregularity. (Freeman on Executions, §§ 304e, 308, 309.)

In this case both the judgment debtor and the judgment creditor unite in the motion to set aside the sale. It appears that the attorney for the judgment creditor in the original action appears as the attorney for the judgment debtor in this motion. But before he was employed as an attorney for the judgment debtor, he told a person who wished to buy the land that the sale would be upon the 7th day of June instead of the 10th day of May, and he to whom the statement was made would have paid a much greater price for the land than it was sold for. This statement of the judgment creditor's attorney tended to prevent a full and fair competition at the sale. He who asked about the day of sale was justified in relying upon the statement made to him of its date. He was misled without any fault of the judgment debtor, and prevented from bidding on the land sold.

It was the duty of the sheriff to file a copy of the return of the appraisers forthwith with the district clerk. This was not done; in its stead, however, there was in the notice of sale a statement of what the land had been appraised at. Yet the failure to file this copy of the returns of the appraisers was an irregularity which, together with the statement that the land would be sold upon the 7th of June instead of the 10th of May, and the inadequacy of price, is sufficient to sustain the order of the trial court. In addition to this, in the case of the sale of the undivided half of the smaller tract it appears that there was a consultation between the competing bidders, and afterward it was sold apparently without competition. The party purchasing had just previously made a bid of $320, believing he was buying the entire tract; after this consultation

with his competitor, the undivided one-half was sold to him for $100. This is an additional reason why the sale of the undivided one-half of the smaller tract should have been set aside.

From the entire record we believe that the order and judgment of the court was right, and recommend that it be affirmed.

By the Court: It is so ordered.

All the Justices concurring.