## MARGARET P. WERTZ v. GUSTAVE ALBRECHT.

### No. 10288.

APPELLATE PROCEDURE — *to review order sustaining demurrer to evidence, record must show decision could not have been proper.* Unless the record contains all the evidence upon which the trial court acted in sustaining a demurrer to plaintiff's evidence, or a conclusive showing that the testimony preserved could not be overthrown by other testimony, or a statement showing the character and effect of the testimony omitted, it cannot be held that the court committed error in holding the testimony to be insufficient.

Error from Reno District Court. Hon. F. L. Martin, Judge. Opinion filed October 9, 1897. *Affirmed.*

*C. F. Foley* and *J. C. Johnston,* for plaintiff in error.
*C. M. Williams,* for defendant in error.

JOHNSTON, J. Margaret P. Wertz brought an action against Gustave Albrecht, alleging that he had made an unprovoked and malicious assault upon her, inflicting serious injuries, for which she asked judgment in the sum of six thousand dollars. The defendant denied the averments of the petition, and alleged that the

plaintiff and her husband made an assault upon him, and that whatever he did as against them was done in the lawful defense of his person. Testimony was introduced by the plaintiff, showing a conflict between the parties, and some, tending to show that the defendant was the aggressor. When the plaintiff's testimony was concluded, the court sustained a demurrer thereto and gave judgment for the defendant.

Plaintiff insists that there was sufficient testimony to take the case to the jury; but the record does not affirmatively show that all the testimony upon which the trial court acted is before us, and, for that reason, defendant contends that the merits of the case cannot be considered. The plaintiff argues that the defect is not fatal, for the reason that the testimony in the record is of such a conclusive character that the possibility of other testimony weakening or overthrowing it cannot well be imagined. Our attention is called to *Merket v. Smith* (33 Kan. 66), as sustaining this claim. In the cited case, it was said that there was ample testimony to support the plaintiff's cause of action, and that the court could not perceive or imagine any evidence that would have entirely overthrown the evidence presented in the record. Whatever may have been the testimony in that case, the same view cannot be taken of the testimony in this. The plaintiff may have made a concession, or a single statement, which would be conclusive against a recovery by her. Indeed, it would seem that the cases must be very rare where other testimony might not be offered which would neutralize that already given and completely overthrow a *prima facie* case already established. Error must affirmatively appear, and this court would not be justified in overthrowing the judgment of the trial court upon a mere speculation as to what may or may not have occurred during the trial.

It is not always necessary to bring up the entire testimony, and we are disposed to encourage the shortening of records. In the present case, if there had been a stipulation or statement that there was no other testimony introduced which weakened or destroyed the case made upon the testimony preserved, we might have considered the merits, and reviewed the ruling of the court upon the demurrer. As the record does not contain all the evidence upon which the court acted, nor a statement showing the character of that omitted, we cannot say that the trial court committed error in sustaining the demurrer to the evidence. The judgment is affirmed.