JOHN POPE *et al.* v. JOHN AMIDON.

**No. 130.**

PARTY TO PROCEEDINGS IN ERROR—*purchaser at sheriff's sale
is.* The purchaser of land sold at sheriff's sale, by his bid and
payment of the purchase money, becomes a party to the record,
and he has a right to be heard in this court before any order is
made affecting his rights.

Error from Rawlins District Court. Hon. A. C.
T. Geiger, Judge. Opinion filed November 5, 1897.
*Dismissed.*

*Dempster Scott* and *Ellis, Reed, Cook & Ellis*, for
plaintiffs in error.

*Fuller & Whitcomb*, for defendant in error.

McELROY, J. In this proceeding the plaintiffs in
error ask to reverse an order of the District Court
overruling a motion to set aside the sale of real estate
and sustaining a motion to confirm the sale. On the
twenty-seventh day of May, 1891, Amidon recovered
judgment against Pope for the sum of $815.71, for
costs of suit and for the foreclosure of a mortgage.
On September 1, 1891, Amidon died, since which
time no proceedings in revivor have been had. On the
fourteenth day of January, 1896, an order of sale was
issued, and on the eighteenth day of February the
mortgaged premises were sold to Carrie E. Havens.

Pope and Hays, defendants in said action, plaintiffs in error, filed a motion asking that said sale be set aside for the alleged reasons, "that the judgment had become dormant; that no proceedings for revivor had been had; that the order of sale was unauthorized and void." The motion was heard and overruled, and the court entered an order confirming the sale. The plaintiffs in error excepted to the ruling of the court, and they now present the case to this court for review.

The plaintiff in the action is named as defendant in error, but he is dead. The purchaser, Carrie E. Havens, is not named as a party. The case-made was never served on her. There is no defendant in error in this court. No review of the trial court upon a case-made can be had without some proper party being brought into court as defendant in error. In a valid proceeding, the purchaser, by his bid and payment of the purchase money and the sheriff's return of the sale, becomes a party to the record, and has a right to be heard in this court before any order is made affecting his rights. *McDonald v. National Bank,* 58 Kan. 461, 49 Pac. Rep. 595; *K. O. & T. Rly. Co. v. Smith,* 40 Kan. 192.

The petition in error is dismissed.