PRICE *et ux.* v. CITIZENS' STATE BANK OF MEDIAPOLIS *et al.*

No. 2170, Okla. T.   Opinion Filed May 12 1909.

(102 Pac. 800.)

1. **MORTGAGES—Foreclosure—Record—Scope and Contents—Review.** The objections to the confirmation of a foreclosure sale, and the affidavits and evidence considered in connection therewith, are not parts of the record unless brought into the same by bill of exceptions or case-made.

   (a) The return of the sheriff that he "did cause public notice of the time and place of sale to be given over 30 days before the date of sale by advertisement in the Oklahoman, a newspaper printed in said county," whatever affidavits and evidence considered in connection therewith not having been brought into the record by means of a bill of exceptions or case-made, it appearing from the record that the court had confirmed such sale, this court on review will be concluded by such return.

2. **MORTGAGES—Execution—Special Execution—Time of Return—Irregularity—Return.** After a decree of foreclosure has been entered in an action to enforce a mortgage or other lien, the execution for the sale of the property is special, and must conform to the order of the court. Subdivision 4, sec. 4632, and section 4709, Wilson's Rev. & Ann. St. 1903.

   (a) Section 4660, Wilson's Rev. & Ann. St. 1903, providing that the sheriff shall return a writ of execution within 60 days from its date, has no application to executions in special cases mentioned in the fourth subdivision of section 4632, and in section 4709, Wilson's Rev. & Ann. St. 1903.

   (b) A decree was entered in a foreclosure suit covering real estate to be sold according to law to satisfy a mortgage lien. The sheriff sold the property under an execution issued by the clerk within 60 days from the date of the issuance of same, but did not return the writ to the clerk until the sixty-second day after said date. The sale was confirmed. Held that, it being within the power of the court to order the property sold under

special execution at the time it was sold, the confirmation of the sale removed objection on account of such irregularity, being an approval of that which the court, as to the time the return was to be made, had the power to order in the first instance.

3. **MORGAGES—Foreclosure Sale—Confirmation—Erroneous Order.** In this state, under a foreclosure sale or special execution (subdivision 4, sec. 4632, and section 4709, Wilson's Rev. & Ann. St. 1903), the court having directed the property to be sold and the proceeds applied to the satisfaction of the debt secured by the lien, the sale is for cash, and should conform to the judgment or order of the court; the purchase money not having been paid by the bidder to the sheriff prior to the time the court made the alleged order of confirmation, to the effect that "said sale and the proceedings be, and the same are hereby, in all respects confirmed, and the clerk of said court is hereby directed to make an entry on the journal that the court is satisfied with the legality of such sale, and the sheriff is ordered to execute to said purchaser at said sale a good and sufficient deed, and deliver such deed to the said purchaser upon the payment by him of the full amount of the purchase money bid." **Held,** that said order of confirmation is erroneous, in that it directs that the deed shall be executed before the purchase money is paid to the sheriff.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; Bayard T. Hainer, Judge.*

Mortgage foreclosure by the Citizens' State Bank of Mediapolis and others against Seymour S. Price and wife. From the judgment Price and wife bring error. Reversed, with directions.

On the 22d day of December, 1905, a motion was filed by the Citizens' State Bank of Mediapolis to confirm the sale of certain real estate, to wit, lots 9, 10, 11, and 12, block 5, in Military addition to the city of Oklahoma City, Oklahoma county, Okla. T., made by the sheriff of said county, and upon objections filed by the plaintiffs in error to such confirmation, the purchaser, M. C. Milner, on said date filed a motion to set aside said sale, and permit him to withdraw the purchase money paid by him thereon; and the court ordered that said sale be not confirmed, and all proceedings thereunder be vacated and set aside, and that the purchaser, M. C. Milner, be permitted to withdraw from the clerk of said court the amount of money paid by him upon said pur-

chase, less the amount of costs accrued thereunder. It was thereupon further ordered that an alias order of sale issue to the sheriff of said county, commanding him to sell said lots in accordance with the former judgment of said court, and that the proceeds of said sale be applied as therein ordered, except that, after the payment of the costs of said action, there be first paid all the taxes upon said property then due and unpaid, and the amount of the judgment and costs in favor of the Pittsburg Plate Glass Company against the defendants, Seymour S. Price and Leta J. Price, in case No. 2,647 in said court.

On the 17th day of October, 1905, there was filed in the office of the clerk of said court a motion by the Pittsburg Plate Glass Company, alleging that on the 14th day of November, 1903, in a certain action then pending in the district court of Oklahoma county, Okla. T., being case No. 2,647, wherein the Gault Lumber Company was plaintiff, and Seymour S. Price and Leta J. Price, and the Pittsburg Plate Glass Company et al., were defendants, the said Pittsburg Plate Glass Company obtained a judgment foreclosing a lien for goods, wares, and merchandise sold to the said Seymour S. Price and Leta J. Price for the erection of a building upon lots 9 and 10, in block 5, in Military addition to Oklahoma City, Oklahoma county, Okla. T., reference being made to the journal entry in said case No. 2,647, that after said case No. 2,647 had been commenced and was on file in said court to foreclose said lien, the said Price contracted the indebtedness, and executed the mortgage which has been foreclosed in this action and that said mortgage embraced in this action was junior and inferior to the lien of the said Pittsburg Plate Glass Company, as shown by the judgment in case No. 2,647; that the real estate on which the mortgage foreclosure is adjudged in this case, is the same real estate on which the lien of the Pittsburg Plate Glass Company obtained judgment and order of sale in said case No. 2,647; that said real estate has been sold under the judgment rendered in this case for the sum of $4,900, and the proceeds therefrom are now in said court, and the said

Pittsburg Plate Glass Company intervenes and files said motion, and moves the court to make an order that, out of the proceeds of said sale of said real estate paid into said court, there first be paid the costs of this action and of said sale; second, the judgment in favor of the Pittsburg Plate Glass Company in case No. 2,647, amounting to the sum of $225.79, together with interest thereon at the rate of 7 per cent. per annum from the 14th day of November, 1903, and the costs, if any, in said action; and that the balance of said money in said court be paid on the judgment in this case.

On the 28th day of December, 1905, there was filed in the office of the clerk of the district court of said county in said case a præcipe or an alias order of sale, and said order in due form issued on said date, and the following return is made thereon:

"Received this writ this 28th day of December, A. D. 1905, at ——— o'clock-m., and thereupon I did forthwith levy said writ upon the within described lands and tenements of said debtor which were liable to satisfy said judgment, and did cause public notice of the time and place of sale of said lands and tenements to be given over thirty days before the date of sale thereof, by advertisement in the Oklahoman, a newspaper printed in said county. On the 10th day of February, 1906, at a sale held at the front door of the courthouse of said county, wherein said lands are situated, I did sell the following of said lands and tenements, to wit: Lots nine (9), ten (10), eleven (11), and twelve (12), in block five (5), Military addition to the city of Oklahoma City, for sixty-five hundred and fifty dollars ($6,550.00), of which two hundred dollars ($200.00) has been paid in cash by K. R. Rone this 28th day of February, 1906, to K. R. Rone, he being the highest and best bidder therefor.

"[Signed] G. W. GARRISON, Sheriff.

"Territory of Oklahoma, Oklahoma County, ss.

"I certify the above to be the times and manner of executing the within writ.

"[Signed] G. W. GARRISON, Sheriff.

"By Shirley, Dyer, Undersheriff.

"Sheriff's fees retained, amount $17.00."

Said return was filed with the clerk of said court on March

1, 1906.   The notice of sheriff's sale thereto attached is as follaws:

"In the District Court of Oklahoma County, Oklahoma.

"Citizens' State Bank of Mediapolis, Iowa, Plaintiff, v. Seymour
S. Price, Leta J. Price, et al., Defendants.

"By virtue of an alias order of sale to me directed and delivered, issued out of the above-entitled court, in a case therein pending, wherein Citizens' State Bank of Mediapolis, Iowa, is plaintiff, and Seymour S. Price, Leta J. Price, et al., are defendants, I will, on Saturday, the 10th day of February, 1906, at the hour of 2 o'clock p. m. of said date at the front door of the courthouse in Oklahoma City, in the county and territory aforesaid, offer at public sale, and sell to the higbest bidder for cash in hand, all the right, title, and interest of the above-named defendants in and to the following described real property, located in Oklahoma county, territory of Oklahoma, to wit:  Lots nine (9), ten (10),  eleven (11), and twelve (12), in block five (5), in Military addition to the city of Oklahoma City.   Said property being ordered to be sold on mortgage foreclosure.   [Signed] G. W. Garrison, Sheriff of Oklahoma County, Okla., by Shirley Dyer, Undersheriff."

On the 28th day of June, 1906, the court made an order confirming said sale, a portion of the body of which is as follows:

"* * * Said matters were submitted to the court, and the court being fully advised, and having examined the return of the sheriff of Oklahoma county of the sale of real estate made by him on February 10th, 1906, to K. R. Rone, on an order of sale issued in this case, * * * and having carefully examined the proceedings of said sheriff in making said sale, and being satisfied that said sale has been made in all respects in conformity to law and the previous order of this court, it is on this June 28th, 1906, ordered and adjudged that the objections to the confirmation of such sale filed by the defendants, Seymour S. Price and Leta J. Price, be and the same are hereby, overruled, and that said sale and the proceedings be, and the same are hereby, in all respects confirmed, and the clerk of said court is hereby directed to make an entry on the journal that the court is satisfied with the legality of such sale, and the said sheriff is ordered to execute to said K. R. Rone, the said purchaser at said sale, a good and sufficient deed for said lands and tenements so sold, to wit, lots nine (9), ten (10), eleven (11), and twelve (12), in block five (5), in

Military addition to the city of Oklahoma City, in the county of Oklahoma, territory of Oklahoma, and to deliver such deed to the said purchaser upon the payment by him of the full amount of the purchase money bid.

"It is further ordered that the purchaser of said premises at said sale be let into possession of said premises and every part thereof, and that the defendants and every person who has come into possession under them, or either of them, since the commencement of this action, deliver possession thereof to the purchaser on production of the sheriff's deed for said premises, and on refusal of the said defendants or either of them, or any one in possession under them, or either of them, as aforesaid, to deliver possession of said premises to said purchaser within sixty (60) days from this date, that the sheriff of said county put said purchaser of said premises in possession of the same. To the overruling of said objection and to the order of said court confirming said sale, the defendants, Seymour S. Price and Leta J. Price, then and there duly excepted.

"Thereupon, on application of the defendant, Seymour S. Price and Leta J. Price, they are allowed sixty (60) days from this date to make and serve a case-made for the Supreme Court of Oklahoma, and the plaintiff and the defendant, Anton H. Classen, are allowed twenty (20) days to suggest amendments; such case-made to be settled, signed, and filed in the Supreme Court within one hundred twenty (120) days from this date.

"It is further ordered by the court that the execution of the above judgment be stayed for twenty (20) days from this date, and that the defendants, Seymour S. Price and Leta J. Price, be given twenty (20) days from this date in which to file with the clerk of this court a supersedeas bond, conditioned as provided by law, in the sum of one thousand ($1,000.00) dollars, to be approved by the clerk of this court, and, upon the filing and approval of such bond, that the execution of this judgment be stayed for one hundred and twenty (120) days from this date, and, if within such time the said defendants, Seymour S. Price and Leta J. Price, have perfected their appeal to the Supreme Court, then that the execution of this judgment be stayed until the determination of such appeal.

"It is further ordered that the purchaser at such sale, K. R. Rone, be, and he is hereby, required to pay the unpaid balance of the purchase money into the court on demand, and on tender

to him of a proper sheriff's deed for said property, and, if he shall fail to make such payment within three days after such demand, the confirmation of said sale, and the proceedings under said order of sale, shall be held and decreed to be null and void."

*W. C. Hughes, J. W. Johnson,* and *Horton & Meister,* for plaintiffs in error.—On necessity for payment of money when sale is made: *Ferguson v. Tutt,* 8 Kan. 370; *Frye v. Street,* 37 Ark. 39; Rorer on Judicial Sales (2d Ed.) p. 45, § 85; Wilson's Rev. & Ann. St. 1903, § 4649. On necessity for unconditional confirmation of sale: *Harder v. Saylestell Com. Co.,* 61 Ark. 66; *Kandon v. Mayhew Co.* (U. S.) 32 L. Ed. 608; *Benz v. Hines,* 3 Kan. 390; *Green v. State Bank* (Neb.) 2 N. W. 288; 20 Enc. Pl. & Pr. 227, title "Matters Determinable," and cases cited.

*Shartel, Keaton & Wells,* for defendants in error.—On confirmation of sale as a cure for irregularities: *Norton v. Reardon,* (Kan.) 72 Pac. 861; *Bookett v. Weir* (Cal.) 93 Pac. 75; 24 Cyc. 52. On question of "cash" sale: *Camden v. Mayhew & Co.,* 129 U. S., 32 L. Ed. 611; *Hill v. Hill,* 58 Ill. 239; *Green v. Diezel* (Neb.) 92 N. W. 1004; *Railroad Co. v. Navigation Co.,* 36 Pa. St. 210; *Hall v. Stors,* 7 Wis. 217; 12 Enc. Pl. & Pr. 57; 20 Enc. Pl. & Pr. 219.

WILLIAMS, J. (after stating the facts as above). The following points are raised in the brief of plaintiffs in error: (1) Insufficiency of the publication of notice of sale. (2) The order of sale, being returned 62 days after is was issued, is a nullity. (3) The sale could not be confirmed, because it was not made for cash, as advertised. (4) The sale did not take place on the date advertised. (5) The confirmation of the sale is conditional.

1. In the case of *Thompson v. Higginbotham,* 18 Kan. 43, Mr. Justice Brewer, in delivering the opinion of the court, said:

"This is a proceeding to review an order of the district court overruling a motion to set aside, and sustaining a motion to confirm, a sale of real property. These questions are presented by counsel for plaintiff in error in his brief: First, it is insisted that there was a failure to make due publication of the notice of sale. The notice was advertised in the Clay Center Dispatch.

An affidavit of the attorney of the defendant was filed, stating that he had examined eight or ten copies of one of the issues of said paper in which this notice was published, and that a large portion of the notice, including the description of the property, was illegible. On the other hand, the return of the sheriff shows that he caused 'public notice of the time and place of sale of said lands and tenements to be given, over thirty days before the day of sale thereof, by advertising in the Clay County Dispatch,' etc. The publisher of said paper attaches his affidavit to the return, stating that said notice 'was published for five weeks in said newspaper,' giving a copy of the notice, and including in his affidavit the issue of the paper referred to in the prior affidavit. A like affidavit was also afterward filed by the foreman of said paper. Upon these facts we think the court properly overruled this objection."

In the case at bar, the purported affidavit of E. K. Gaylord, publisher, is neither brought up as a part of the record by means of a bill of exceptions nor case-made. We have been unable to find any statutory provision making the affidavit of the publisher a part of the return of the officer or a part of the record.

In cases where service is had by publication, it is not deemed complete until it shall have been proved by the affidavit of the printer, or his foreman or principal clerk, or other person knowing the same, and no judgment by default is to be entered on such service until proper proof thereof be made and approved by the court and filed. Section 4279, Wilson's Rev. & Ann. St. 1903; chapter 66, art. 6, § 81, Code Civ. Proc. We have been unable to find any such statutory requirement relative to notice of sale, under any character of execution. Then all that we have before us here for review relative to such notice is the return of the sheriff, which recites that he "did cause public notice of the time and place of sale of said lands and tenements to be given over thirty days before the date of sale thereof, by advertisement in the Oklahoman, a newspaper printed in said county."

Section 4648 (chapter 66, art. 20, § 450, Code Civ. Proc.) Wilson's Rev. & Ann. St. 1903, provides that "lands and tenements taken on execution shall not be sold until the officer cause public

notice of the time and place of sale to be given, for at least thirty days before the day of sale, by advertisement in some newspaper printed in the county. * * * All sales made without such advertisement shall be set aside, on motion by the court to which the execution is returnable." With the record only before us for review, the officer's return therein reciting that he "did cause public notice of the time and place of sale of said lands and tenements to be given over thirty days before the date of sale thereof, by advertisement in the Oklahoman, a newspaper printed in said county," which is the same language as the return in the case of *Thompson v. Higginbotham, supra,* to wit, that he "caused public notice of the time and place of sale of said lands and tenements to be given over thirty days before the date of sale thereof, by advertising in the Clay County Dispatch," we are unable to say that the *nisi prius court* committed error in holding that the notice provided for in section 4648, Wilson's Rev. & Ann. St. 1903, had been complied with.

In the case of *Thompson v. Higginbotham, supra,* in addition to the return of the officer being before the court when the sale was confirmed, the affidavit of the attorney of the defendant, stating that he had examined eight or ten copies of one of the issues of said paper in which the notice was published and that a large portion thereof, including the description, was illegible, and also the publisher's affidavit, stating that the notice was published for five weeks in said newspaper, giving a copy of the notice, and a like affidavit by the foreman, were introduced, and were properly made a part of the record. From this Kansas case, the opinion in which was delivered by Mr. Justice Brewer, it clearly appears that such a return as was made by the officer in the case at bar was a sufficient record, and the affidavits, pro and con, are not a part of the record here, not having been made so by bill of exceptions or case-made, and whatever affidavits or evidence were before the court below are not before this court for review. We accordingly conclude that, as to the notice of said sale, there is no error in this record.

2. In the case of *Norton v. Reardon,* 67 Kan. 302, 72 Pac. 861, 100 Am. St. Rep. 459, it is held:

"(1)   After a decree of foreclosure has been entered in an action to enforce a mortgage or other lien, the execution for the sale of the property charged is special, and must conform to the order of court.   (2) Section 4915, Gen. St. 1901, providing that the sheriff shall return a writ of execution within 60 days from its date, has no application to executions in special cases, mentioned in the fourth subdivision of section 4892, and in section 4994, Gen. St. 1901.   (3) A decree was entered in a foreclosure suit ordering real estate to be sold according to law to satisfy a mortgage lien.   The sheriff sold the property under an execution issued by the clerk six days after the return of the writ.   The sale was confirmed.   *Held* that, it being within the power of the court to order the property sold under a special execution at the time it was sold, the confirmation of the sale rendered it valid, being an approval of that which, as to time of performance, the court had power to order in the first instance, within the principle announced in the second paragraph of the syllabus in *Thompson* v. *Burge,* 60 Kan. 549, 57 Pac. 110, 72 Am. St. Rep. 369."

In this case, the execution appears to have been under the class of an execution in special cases (subdivision 4, § 4632, Wilson's Rev. & Ann. St. 1903 [chapter 66, art. 20, § 434, Code Civ. Proc.], and section 4709, Wilson's Rev. & Ann. St. 1903 [chapter 66, art. 20, § 511, Code Civ. Proc.]), and the contention that the execution was not returned within 60 days from the date the same was issued, but on the sixty-second day, to wit, the second day after the return day, appears to have been an irregularity that would be cured by order or confirmation.

3. Section 4649 (chapter 66, art. 20, § 451, Code Civ. Proc.) Wilson's Rev. & Ann. St. 1903, provides:

"If the court, upon the return of any writ of execution, for the satisfaction of which lands or tenements have been sold, shall, after having carefully examined the proceedings of the officer, be satisfied that the sale has, in all respects, been made in conformity to the provisions of this article, the court shall direct the clerk to make an entry on the journal that the court is satisfied of the legality of such sale, and an order that the officer make to the purchaser a deed for such lands and tenements; and the

officer, on making such sale, may retain the purchase money in his hands until the court shall have examined his proceedings as aforesaid, when he shall pay the same to the person entitled thereto, agreeably to the order of the court."

From this section it appears that it was contemplated by the statute that, when the sale was made for cash, the same should be paid into the hands of the officer, who should retain the same until the court should examine the proceedings of the officer in making said sale, and in the event he confirmed the sale, it should then be the duty of the officer, under order of confirmation, to make to the purchaser a deed to such lands and tenements, and pay the proceeds of the sale to the person entitled thereto, in accordance with the order of court. Suppose the sheriff should make the deed under this order, and tender the same to the purchaser, and he fails to pay the bid within the three days, would it not be necessary to have an order or decree of court canceling said deed before ordering a resale? We do not believe that the case of *Norton v. Reardon, supra,* goes so far as to justify the court in making an order for a mortgage foreclosure, to the effect that the deed should be made and tendered before requiring the purchaser to pay the amount bid to the officer. Clearly, when the bidder purchases at the sale, and proper memorandum is made so as to take the sale out of the statute of frauds, the liability of the bidder then attaches, and, before the bidder or purchaser is entitled to have a deed tendered to him, he must first comply with the law, and pay the money to the officer.

4. The reasonable construction of the sheriff's return is that the sale took place on February 10, 1906, the date on which it was advertised to be held, and consequently there is no merit in the contention that the sale did not so take place.

5. The plain import of the order of confirmation is that, under said order, the sheriff was to make and tender to the purchaser a deed, who had three days thereafter within which to pay the balance of the purchase money to such officer. In this we think there was error, it being clearly in conflict with the statute.

The judgment of the lower court is accordingly reversed, with instructions to set aside said sale, and permit an alias order of sale to issue, and proceed in accordance with this opinion. Let the costs of this appeal be equally divided between the parties hereto.

All the Justices concur.