## SMITH v. NOBLE BROS. *et al.*

No. 5764. Opinion Filed September 29, 1915.

Rehearing Denied January 11, 1916.

(153 Pac. 150.)

**APPEAL AND ERROR—Execution Sale—Proceedings to Confirm—Necessary Parties—Purchasers.** Purchasers at a sheriff's sale are necessary parties in this court in a proceeding to reverse an order of the district court confirming sheriff's sale of lands under execution, and ordering a deed to issue to such purchaser.

(Syllabus by Devereux, C.)

*Error from District Court, Carter County;*
*Stillwell H. Russell, Judge.*

Action by Dow Taylor, administrator of the estate of A. W. Speake, against Andrew Jackson and others; Noble Bros., a partnership, interpleaders; C. R. Smith, protestation of confirmation of sheriff's sale. From the judgment Smith brings error. Dismissed.

*Potterf & Walker,* for plaintiff in error.

*Johnson & McGill,* for defendants in error.

Opinion by DEVEREUX, C.  The only question presented by the motion to dismiss is whether a purchaser at execution sale, who has paid the purchase price to the sheriff, and to whom the court has ordered a deed to issue, is a necessary party in this court on proceedings in error to review the judgment of the trial court confirming the sale and ordering the deed to issue.  The direct question has never arisen, so far as we can ascertain, in this court, but in *Payne v. Long-Bell Lbr. Co.,* 9 Okla. 683, 60 Pac. 235, it is held that a purchaser, or assignee of the purchaser, of real estate at a sheriff's sale acquires such interest in the property as to entitle him to file a motion for the confirmation of the sale.  However, the identical question has been decided in Kansas, in the case of *McDonald v. Citizens' National Bank of Concordia,* 58 Kan. 461, 49 Pac. 595, in which it is said:

"It has been repeatedly held that a purchaser at a sheriff's sale may prosecute a proceeding in this court to reverse an order of the district court setting aside the sale. *Moore v. Pye,* 10 Kan. 246; *Cowdin v. Cowdin,* 31 Kan. 528, 3 Pac. 369; *Jones v. Carr,* 41 Kan. 329, 21 Pac. 258.  The purchaser, by his bid, the payments of the purchase money, and the sheriff's return of the sale, becomes a party to the record.  As in the case last cited,

his interests may be adverse to those of both the plaintiff and defendant. He is not obliged to depend on either of them to protect his rights, nor has either of them authority to speak for him unless he gives it. In this case, the purchasers paid $3,000 for the property. They have a right to be heard in this court on a case properly served on them, before any order is made affecting their rights; and a reversal of the order confirming the sale would certainly affect their title to the property under their purchase. The suggestion that the purchasers did not appear at the hearing of the motion in the district court, and that they, therefore, were not parties there and need not be made parties here, is without force. They were constructively present when the motions were heard, for it was their duty, after having made the bid and paid the purchase money, to protect their interests when the motions were heard. They were bound by the order of confirmation, and would have been equally bound by an order setting aside the sale."

In the case at bar, the sheriff's return shows that the property was sold to one Roberts, who paid the sum of $300 for it. Objections to the confirmation of this sale were made, which were overruled by the court, and the sheriff ordered to execute a deed to Roberts, and Roberts is not made a party in error in this court, nor was any case-made served on him. The case above cited, therefore, is directly in point. That a purchaser at a sheriff's sale becomes a party to the record seems to be well settled. In 8 Ency. of Sup. Ct. Rep. 515, it is said:

"A party bidding at a foreclosure sale makes himself thereby a party to the proceedings, and subject to the jurisdiction of the court for all orders necessary to compel the perfecting of his purchase, and with a right to be heard on all questions thereafter arising, affecting his bid, which are not foreclosed by the terms of the decree of sale, or are expressly reserved to him by such decree."

The text is fully supported by the authorities cited in note 20.

It is argued by the plaintiff in error that the bidder was not a necessary party, because he was only a bidder and not a purchaser until the sale was confirmed. But the appeal in this case is from the order confirming the sale, and as soon as this order was entered, the bidder became the purchaser, and had a substantial interest in having the order confirmed, and under the authorities above cited he became a party to the record.

The case of *McDonald v. Citizens' National Bank,* 58 Kan. 461, 49 Pac. 595, is sought to be distinguished because the bidder had paid the purchase money, and *Pope v. Amidon,* 6 Kan. App. 398, 50 Pac. 1093, is cited as making this distinction. In the case at bar, the sheriff's return shows that he sold the land for $300 cash. It was the duty of the sheriff to collect and hold this money until the sale was confirmed. (Rev. Laws 1910, sec. 5167; *Price v. Citizens' State Bank of Indianapolis,* 23 Okla. 723, 733, 102 Pac. 800) ; and the presumption is that the officer did his duty and received the money at the time of the sale. The order confirming the sale contains no provision in regard to the payment of the purchase money, and from it we gather that the sheriff had the money in his hands; for it provides, after ordering the sheriff to make a deed to the purchaser:

"It is further ordered that after the payment of the costs of said sale, the balance of the proceeds of said sale be credited on the judgment," etc.

If there is any evidence that the purchase money was not paid, plaintiff in error has failed to point it out in his brief, as required by rule 25 (38 Okla. x, 137 Pac. xi).

· We, therefore, recommend that the appeal be dismissed.

By the Court: It is so ordered.