## ADAMS v. TIDAL OIL CO.

No. 15304—Opinion Filed May 5, 1925.

Rehearing Denied June 23, 1925.

(Syllabus.)

1. **Guardian and Ward—Public Sale of Oil Lease on Ward's Land — Notice—Sufficiency of Description.**

It is not necessary in the notice of sale at public auction of an oil and gas mining lease on the property of a minor, to give minute description of the improvements upon the land, but it is sufficient if the land is described according to its legal numbers and enables the public to understand, by the exercise of ordinary diligence, what property is offered for sale, and to identify the same by examination, if a more particular knowledge is desired.

2. **Judgment—Collateral Attack — County Courts as Courts of Record.**

The county courts of this state are courts of record and have original jurisdiction in probate matters, and the orders and judgments of such courts, when acting within their jurisdiction are entitled to the same favorable presumptions and same immunity from collateral attack as are accorded those of other courts of general jurisdiction.

3. **Oil and Gas—Rights Conferred by Lease on Developed Property.**

An oil and gas mining lease on developed property conveys nothing different from a lease on undeveloped property. In either instance the lessee acquires the right to enter upon and develop the property, and to reduce to possession such oil or gas as he may be able to find and remove from the premises.

Error from District Court, Washington County; H. C. Farrell, Judge.

Action by Fred M. Adams against the Tidal Oil Company for the cancellation of a guardian's oil and gas mining lease. Judgment for defendant, and plaintiff appeals. Affirmed.

Chas. B. Rogers, for plaintiff in error.

Y. P. Broome, W. P. McGinnis, and J. C. Wilhoit, for defendant in error.

PHELPS, J. Fred M. Adams, plaintiff in error, who was plaintiff below, is a Cherokee Indian citizen, and the lands, the lease upon which is the subject-matter of this action, were allotted to him as such Cherokee citizen. Being a minor, his guardian executed an oil and gas mining lease covering his lands for a period of fifteen years. By the terms of the lease it expired on the

8th day of November 1919. It provided that the plaintiff should receive 15% of the oil produced from the property. This lease was duly approved, developed, and finally passed into the hands of the Tidal Oil Company, the defendant herein, and at the time of the expiration of the lease there were nine wells on the property with a total daily production of about ten or eleven barrels of oil.

On October 29, 1919, prior to the date upon which the lease expired, the guardian of said minor filed in the county court of Washington county, Okla., the county in which said land was located, an application in writing, setting out that he had no funds belonging to the minor with which to continue to operate the property after the expiration of the lease, and praying an order of court permitting him to sell an oil and gas mining lease on said land to begin upon the expiration of the then existing lease. Due notice was given of the sale, and the defendant, Tidal Oil Company, at a public sale, bid the sum of $5,000 bonus and 15 per cent. of the production for an oil and gas mining lease covering said property for a period as long as oil and gas, or either of them, was produced by said land by the lessee. Plaintiff reached his majority on June 10, 1921, and continued to receive his royalties on this lease from defendant for nearly a year thereafter, when he brought suit in the district court of Washington county for cancellation of the lease, upon the grounds that a full and fair notice of the sale of the lease was not given; that there was not a compliance with the law of this state for the sale, by a guardian, of producing oil wells, and that the lease or grant exceeded the interest or estate embraced within the order and notice of sale. The cause was tried to the court without the intervention of a jury, resulting in a judgment for the defendant, from which judgment and the court's order overruling his motion for new trial the plaintiff prosecutes his appeal to this court.

Plaintiff complains that the notice of the sale of the lease was not full and fair. At the time the lease was sold the only requirement as to the notice of the sale of an oil and gas lease by a guardian was that contained in rule No. 9 of the probate rules promulgated by this court (47 Okla. xvi), which reads as follows:

"All petitions for the approval of oil and gas leases shall be filed at least five (5) days before the same will be sold as provided herein, and notice of such sale shall be given by posting and publication, where publication is practicable."

It will be observed that the rule does not specify the form or contents of the notice, but the practice has always been to merely specify in the notice the description of the land to be leased, the time and place the lease would be sold, and the terms of the sale, all of which were embraced in the notice complained of. We cannot agree with plaintiff's contention that the notice should specifically mention the fact that the property had been developed and was equipped and had nine producing wells on it. The notice in this case specifically described the lands to be covered by the lease, the date and place of the sale, and the royalty to be paid, and was both posted and published. Plaintiff does not furnish us citation of authorities relied upon, showing the inadequacy of the notice in question, and we, therefore, conclude from that fact that there are none. However, defendant cites Allen v. Cole (N. J.) 59 Am. Dec. 417, and which is not directly in point for the reason that that was a sheriff's notice of sale, and in commenting on the sufficiency of the notice the court said:

"The advertisement of the sheriff was in strict compliance with the law. It sufficiently identified the property. The sheriff was not bound to describe the number of buildings or their character."

In Stevens v. Bond, 44 Md. 506, in discussing the sufficiency of a notice of sale, the court used the following language:

"It is not necessary in the notice of sale at public auction "to give a minute description of its exact location * * * by metes and bounds; any description which informs the public of the property to be sold is sufficient." It is sufficient if it enables the public "to understand, by the exercise of ordinary intelligence, what property is offered for sale, and to identify the same by examination, if a more particular knowledge [is] desired."

In Price v. Citizens State Bank, 23 Okla. 723, 102 Pac. 800, this court approved a notice of sale of real estate under foreclosure merely describing the property by its legal description and setting forth the time, place, and terms of sale without giving any details concerning the character of the land, or of the improvements thereon. In Tucker v. Leonard, 76 Okla. 16, 183 Pac. 907, this court had under consideration the sufficiency of the notice of sale of a minor's land by his guardian, which notice described the land by its legal numbers without attempting to give any details concerning the land, and this court held that such notice was a substantial compliance with the statute and that no one could have been misled as to the

location of the land to be sold. None of the cases cited above deal with the exact question raised here, but are similar in their nature, and we think are sufficiently convincing that the notice complained of is sufficient.

Plaintiff contends that the sale was not a sale of an oil and gas lease on the property, but in reality a sale of production. He does not allege or claim fraud other than his statement that the property sold for less than its value, claiming that the inadequacy of the consideration constitutes fraud. With this contention, as applied to the facts herein as disclosed by the record, we cannot agree. The record discloses that the lease was sold after due notice was given by posting and publishing, at public auction, to the highest and best bidder; the sale was reported to and approved by the county court and appears upon its face regular in every respect, and, in our judgment, the record discloses no facts which indicate anything other than a fair sale as provided by law. This court has repeatedly held that in probate matters county courts of the state are courts of record, and that their decisions on matters properly before them, in the absence of a specific showing of fraud, are as final and conclusive as are the decisions of the district courts in matters properly tried by those courts.

In Tucker v. Leonard, supra, in discussing that question this court said:

"The county court of Wagoner county, having jurisdiction over the subject-matter and the parties, and being a court of record, its orders and judgments should be accorded like force, effect, and legal presumption as the judgment and decrees of other courts of general jurisdiction."

In Welch v. Focht, 67 Okla. 275, 171 Pac. 730, this court used the following language:

"The county courts of this state are courts of record and have original general jurisdiction in probate matters. The orders and judgments of such courts, when acting within their jurisdiction, are entitled to the same favorable presumptions and the same immunity from collateral attack as are accorded those of other courts of general jurisdiction."

Counsel contends, however, that inasmuch as the wells had already been drilled upon the land, from which oil was produced, this altered the situation and rendered the lease in reality a sale of the production from said wells instead of a sale of a lease upon the property. This position, in our judgment, is not well taken. In Papoose Oil Co. v. Swindler, 95 Okla. 264, 221 Pac. 506, in discussing that question, this court made use of the following language:

"We are of the opinion that a lease on developed property conveys nothing different from a lease on undeveloped property. In either instance he acquired the right to enter upon and develop the property, and to reduce to possession such oil as he was able to find and remove from the premises."

To the same effect is the holding in Carter v. Rector, 88 Okla. 12, 210 Pac. 1035.

Therefore, since the lease on this property was made after regular application to the county court, due notice thereof posted and published, the sale reported to and approved by the county court having jurisdiction thereof, this court will indulge the presumption, in the absence of a showing to the contrary, that the county court acted fairly, honestly, and within its jurisdiction, and where all the questions raised in plaintiff's petition were fairly submitted to the district court and judgment rendered for the defendant after a fair trial thereof, this court can see no good reason, after a careful examination of the record and briefs, for disturbing the finding of the district court. The judgment of the district court is therefore affirmed.

All the Justices concur.

Note.—See under (1) 28 C. J. p. 1186; 31 C. J. p. 1050. (2) 15 C. J. pp. 721, 1009, 1010; 34 C. J. p. 518. (3) 27 Cyc. p. 725.