## AMERICAN GLASS CASKET CO. et al. v. SLEDGE et al.

No. 16370—Opinion Filed March 2, 1926.

(Syllabus.)

**Appeal and Error—Service of Case-Made—Parties—Purchasers at Sheriff's Sale.**

Where the confirmation of a sheriff's sale of real estate is protested, and the purchasers appear and defend against the protest, and the protest is overruled and the purchase money paid, and distributed and deed executed, and appeal is taken, and possession given, case-made must be served on the purchasers or the appeal will be dismissed.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

From confirmation of sheriff's sale of real estate, the American Glass Casket Company and others appeal making W. W. Sledge and others defendants in error. Appeal dismissed.

King & Crawford, for plaintiffs in error.

Busby & Harrell and B. H. Epperson, for defendants in error.

PER CURIAM. Certain real estate was sold by the sheriff as directed by judgment of the district court of Pontotoc county, at which sale J. E. Curran and Robert Ballentime became the purchasers. Plaintiffs in error protested the confirmation of the sale, which was overruled and the sale confirmed, to which they excepted and gave notice of appeal. On the hearing of the protest the purchasers were represented by Curran, who is an attorney.

The purchasers paid the purchase price, received a deed from the sheriff to the property, and are now in the possession and control of the same, and the purchase money has been distributed to creditors.

Defendants in error now move the court to dismiss the appeal for the reason that the purchasers were not served with case-made. The purchasers became parties to the record and proceedings upon their purchase of the property, and section 782, C. O. S. 1921, automatically makes them parties to the appeal. These purchasers have performed the judgment of the court and paid for the property and their rights may be seriously and injuriously affected by this appeal. The purchasers are interested parties of record, and their interest is adverse to that of plaintiffs in error, who seek to defeat the sale of the property, while the purchasers seek its confirmation.

In Smith v. Noble Bros. et al., 54 Okla. 505, 153 Pac. 1150, wherein the same question was involved as presented here, the court said:

"They (meaning the purchasers) have a right to be heard in this court on a case properly served on them before any order is made affecting their rights, and a reversal of the order confirming the sale would certainly affect their title to the property under their purchase. The suggestion that the purchasers did not appear at the hearing of the motion in the district court, and that they, therefore, were not parties there, and need not be made parties here, is without force. They were constructively present when the motions were heard, for it was their duty, after having made the bid and paid the purchase money, to protect their interests when the motions were heard. They were bound by the order of confirmation, and would have been equally bound by an order setting aside the sale."

This statement of the court quotes with approval from the case of McDonald v. Citizens National Bank of Concordia, 58 Kan. 461. Other Kansas cases are to like effect are Carter v. Doughten, 50 Pac. 500, Railroad Co. v. Smith, 40 Kan. 192, and Pope v. Amidon, 6 Kan. App. 398.

The Supreme Court of Washington passed on this question in Robertson Mortgage Co. v. Thomas, 115 Pac. 312, in which the court said:

"A person not made a defendant to a suit to foreclose a mortgage, but whom the decree holds to be entitled to part of the land involved, becomes a party to the judgment, and a purchaser at the sheriff's sale becomes party to the record, and both must be served with notice of an appeal."

The Kansas procedure on appeal is the same as ours, except as ours has been chang-

ed by the Act of 1917, p. 403, which in no way obviates the necessity of serving case-made on interested parties of record, except as to parties who have defaulted or disclaimed. And the mere fact that the purchasers had notice of the appeal, and are by statute automatically made parties to it, in no way relieves plaintiffs in error from their obligation to serve them with case-made, and this not having been done, the appeal is dismissed. The appeal is dismissed.

Note.—See under (1) 3 C. J. p. 1016 § 970; 4 C. J. p. 481 §§ 2221, 2222; 2 R. C. L. p. 158; 1 R. C. L. Supp. p. 417; 4 R. C. L. Supp. p. 86.